# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>        Plaintiff,<br><br>       v.<br><br>PURE STORAGE, INC.,<br><br>        Defendant. | C.A. No. 1:17-1544-GMS |

**PLAINTIFF REALTIME DATA LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION (D.I. 17) TO STAY PENDING *INTER PARTES* REVIEW**

March 20, 2018

OF COUNSEL:

Marc A. Fenster
Brian D. Ledahl
Reza Mirzaie
Paul A. Kroeger
C. Jay Chung
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
(310) 826-7474
Los Angeles, CA 90025-1031
mfenster@raklaw.com
bledahl@raklaw.com
rmirzaie@raklaw.com
pkroeger@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Realtime Data LLC*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................... 2

III. LEGAL STANDARD............................................................................................ 4

IV. ARGUMENT......................................................................................................... 5

    A. Simplification of Issues is Speculative at Best ......................................... 5

    B. The Status of the Litigation Is Neutral ..................................................... 8

    C. A Stay Would Unduly Prejudice Realtime ............................................... 8

        1. A Stay Would Inflict Unfair Tactical Benefits to Pure Storage ................... 8

        2. A Stay Would Diminish Realtime's Eventual Recovery ............................. 9

        3. A Stay Hurts Realtime's interest in Timely Enforcement of its Rights ..................................................................................................... 10

        4. A Stay will Deny Realtime its Chosen Forum........................................... 11

V. CONCLUSION.................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  Case No. 13-cv-102, D.I. 190 (E.D. Tex. Apr. 2, 2015) ........................................................... 12

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  No. 13-cv-102, D.I. 190 (E.D. Tex. Apr. 2, 2015) ................................................................... 11

*C.W. Zumbiel Co. v. Kappos*,
  2012 U.S. App. LEXIS 26554 (Fed. Cir. Dec. 27, 2012) ......................................................... 10

*The California Inst. Of Tech. v. Broadcom Ltd.*,
  Case No. 2:16-cv-3714-GW, Order ........................................................................................... 4

*Carl. Zeiss A.G. v. Nikon Corp.*,
  Case No. 2:17-cv-03221-RGK ................................................................................................... 4

*Clouding IP LLC v. SAP AG, et al.*,
  Case No. 13-01456-LPS, D.I. 35 (D. Del. Jan. 21, 2014) ........................................................ 12

*Comcast Cable Comms. Corp. v. Finisar Corp.*,
  2007 U.S. Dist. LEXIS 103309 (N.D. Cal. Apr. 5, 2007) .......................................................... 4

*Cooper Notification, Inc.* v. *Twitter, Inc., No. 09-865-LPS*,
  2010 WL 5149351 (D. Del. Dec. 13, 2010) ............................................................................. 11

*Davol, Inc. v. Atrium Med. Corp.*,
  No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) .............................................. 10

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
  No. C 09-1635 ............................................................................................................................. 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  582 F.3d 1288 (Fed. Cir. 2009) .............................................................................................. 4, 7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) .................................................................................................. 8

*Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) .............................. 10

*LG Elecs., Inc. v. ASKO Appliances, Inc.*,
  No. CV 08-828 (JAP), 2009 WL 10690498 (D. Del. June 17, 2009) ........................................ 4

*LG Elecs., Inc. v. Eastman Kodak Co.*,
  No. 09-cv-0344 ..................................................................................................................11

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...............................7

*Otto Bock HealthCare LP v. Össur HF*,
  2013 U.S. Dist. LEXIS 188428 (C.D. Cal. Dec. 16, 2013) ......................................................7

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
  No. CIV.A. 10-4875 PGS, 2012 WL 1067900 (D.N.J. Mar. 29, 2012) ...................................7

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
  Case No. 8:16-cv-00300-CJC, Order.........................................................................................4

*Realtime Data, LLC v. Rackspace US, Inc.*,
  No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ..........................................5

*Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*,
  889 F. Supp. 2d 673 (D. Del. 2012)..........................................................................................5

*SoftView LLC v. Apple Inc.*,
  No. 10–cv–389–LPS, 2012 WL 3061027 (D. Del. July 26, 2012)....................................11, 12

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
  No. 08-373-JJF-LPS, 2009 UWL 192457 (D. Del. Jan. 27, 2009)...........................................6

*In re Swanson*,
  540 F.3d 1368 (Fed. Cir. 2008)..................................................................................................7

*Twin Rivers Eng'g., Inc. v. Fieldpiece Inst., Inc.*,
  C.A. No. 2:16-cv-04502-BRO, Order........................................................................................4

*UCB, Inc. v. Hetero USA Inc.*,
  277 F. Supp. 3d 687 (D. Del. 2017)..........................................................................................1

*Universal Elec., Inc. v. Universal Remote Control*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) ..............................................................................4, 10

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014)...........................................10

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*,
  No. 10-cv-10578, 2013 WL 434135 (E.D. Mich. Feb. 4, 2013)...............................................8

**Statutes**

35 U.S.C. § 316(a)(11)..................................................................................................................10

35 U.S.C. § 316(e) ............................................................................................................11

Plaintiff Realtime Data LLC ("Realtime") opposes Defendant Pure Storage, Inc. ("Pure Storage")'s motion (Dkt. No. 17) to stay pending *inter partes* review ("IPR").

## I. INTRODUCTION

Courts in this District consider three factors in evaluating a request for stay: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *UCB, Inc. v. Hetero USA Inc.,* 277 F. Supp. 3d 687, 690 (D. Del. 2017) (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.,* 2010 WL 2573925, at *3 (D. Del. June 25, 2010)). These factors weigh against a stay in this case.

First, a stay would not simplify issues for trial. Two of the four patents-in-suit are not presently subject to any IPR, or even a request for IPR. No petition for, or instituted IPR, is currently pending concerning the '203 Patent. Further, Commvault's petition for IPR of the '908 Patent was recently denied and there are no other petitions or instituted IPRs pending. Accordingly, a stay would not simplify any issues concerning two of the four patents in suit.

Further, Pure Storage's IPR petition as to the '751 Patent is the only pending petition concerning that patent. The PTAB's decision to institute the proceedings is not even due until late summer. And, even if instituted, and resolution of those issues would not occur for over one year. Any purported simplification related to the '751 patent is purely speculative.

Moreover, this is only one of nine cases assigned to this Judge involving the asserted or related patents. None of the other Defendants in the other eight cases assigned to this Court have moved to stay in light of the IPRs. Accordingly, even if the stay were granted as to Pure Storage, this Court will still have to adjudicate issues of claim construction as to all four patents, because at least some (if not all) of those same patents are asserted against other defendants. Additionally, even if other IPRs have been filed by other parties, only one of those parties –

Commvault Systems, Inc. – is a defendant in a related case (1:17-cv-00925), and none of their IPRs have been instituted. As a result, this Court is the only forum that can resolve all the issues between the parties, including infringement, damages, and numerous other issues (*e.g.*, affirmative defenses) that are not before the PTAB and cannot be simplified even if there is a stay.

Finally, a stay will inflict unnecessary prejudice on Realtime. It will deny Realtime its chosen forum—this Court—and force Realtime to defend its patents exclusively in the forum chosen by Pure Storage—the PTAB. Further, Pure Storage's requested stay would also serve to create tactical disadvantage as the requested stay would affect only Pure Storage and not the other defendants against whom the patents are asserted. The case, including claim construction proceedings, would continue as to these defendants. This unnecessary duplication is prejudicial, wasteful and inefficient, not only to Realtime but also to the Court. Moreover, Realtime will still suffer prejudice from delay because a money judgment would be delayed and Pure Storage has not stipulated that any judgment in this case would be subject to prejudgment interest. Thus, delay would effectively diminish the value of any recovery. These various forms of prejudice weigh strongly against a stay.

## II.     STATEMENT OF FACTS

This case involves 4 patents related to digital data compression—U.S. Patent No. 9,054,728 (the "'728 Patent"), U.S. Patent No. 9,667,751 (the "'751 Patent"), U.S. Patent No. 8,717,203 (the "'203 Patent"), and U.S. Patent No. 9,116,908 (the "'908 Patent"). Realtime filed its complaint against Pure Storage in this District over 4 months ago on October 31, 2017. (D.I. 1.)

This case is one of nine other cases pending in this District brought by Realtime that involve the same and/or related patents all pending before Judge Sleet (C.A. Nos. 17-1543-GMS; 17-1676-GMS; 17-1750-GMS; 17-1635-GMS; and 17-1769-GMS). All four patents at issue here are also asserted in four of these cases. Both the '728 Patent and the '908 Patent are asserted in the other cases (along with another related patent and an additional unrelated patent). None of the Defendants in any of these actions has filed a motion to stay.

Presently, there are no IPRs or institution requests pending for two of the four asserted patents. Only one of the three patents—the '728 Patent—is currently subject to an instituted IPRs. Specifically:

- **'203 Patent:** No institution petitions or instituted IPRs are presently pending concerning this patent. A fact Pure Storage admits in its brief. (Mot. at 4).
- **'908 Patent:** Since the filing of Pure Storage's motion, the PTAB denied institution of Commvault's petition for IPR. (*See* Ex. A.) This result was unsurprising as the PTAB affirmed certain claims of the '908 Patent following a hearing in an instituted IPR late last year. (*See* Ex. B.)
- **'751 Patent:** Only Pure Storage's recently filed petition for IPR is pending with the PTAB. The decision on whether to institute the IPR is not even due until late summer and, if instituted, a final decision would not be expected for at least one year.

While the '728 patent is currently subject to instituted IPRs, none of these were brought by the Defendants in any of the cases in this Court. Only one Defendant in a case in this Court (Commvault) has petitioned for IPR concerning the '728 patent and the institution decision has not yet been issued.

### III. LEGAL STANDARD

A decision to stay litigation is within the sound discretion of the Court, and "a district court 'is not required to stay a judicial resolution in view of [a] reexamination' of patents-in-suit by the PTO." *LG Elecs., Inc. v. ASKO Appliances, Inc.,* No. CV 08-828 (JAP), 2009 WL 10690498, at *1 (D. Del. June 17, 2009) (quoting *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001)). *Universal Elec., Inc. v. Universal Remote Control*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) ("[c]ourts are not required to stay judicial proceedings pending re-examination of a patent.").

If such a stay was "routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman J., concurring). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts." *Comcast Cable Comms. Corp. v. Finisar Corp.*, 2007 U.S. Dist. LEXIS 103309, *4-5 (N.D. Cal. Apr. 5, 2007). "Federal court calendars should not be hijacked in this manner." *Id.*

Indeed, requests to stay pending an IPR petition that has no yet been instituted by the PTAB (such as Pure Storage's institution petition), are disfavored in many districts, including the Northern District of California and this Court. *See, e.g., The California Inst. Of Tech. v. Broadcom Ltd.*, Case No. 2:16-cv-3714-GW (AGRx), Order of Mar. 2, 2017 at 3-4; *Carl. Zeiss A.G. v. Nikon Corp.*, Case No. 2:17-cv-03221-RGK (MRWx) at 4, Order of Feb. 9, 2018 at 4 (citing *Netlist, Inc. v. Smart Storage Sys. Inc.*, 2014 WL 4145412, at *3 (N.D. Cal. Aug. 21, 2014)); *Twin Rivers Eng'g., Inc. v. Fieldpiece Inst., Inc.*, C.A. No. 2:16-cv-04502-BRO (MRWx), Order of Jan. 19, 2017; *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, Case No. 8:16-cv-00300-CJC (RAOx), Order of Nov. 17, 2016.

In determining whether to stay litigation, courts in this District consider three factors: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*, 889 F. Supp. 2d 673, 674–75 (D. Del. 2012) (citing *St. Clair Intellectual Prop. v. Sony Corp.*, 2003 WL 25283239, at *1 (D.Del. Jan. 30, 2003)). Here, the totality of circumstances weighs heavily against a stay.

## IV.  ARGUMENT

### A.  Simplification of Issues is Speculative at Best

This factor strongly weighs against a stay. First, a stay would not simplify the case as to two of the three patents-in-suit. Presently, there are not even any petitions for IPR concerning the '203 Patent. Likewise, the lone petition for IPR concerning the '908 patent was recently denied—an unsurprising result in light of the PTAB's affirmance of the certain claims of the '908 Patent following IPR institution late last year. "[G]iven that there are asserted claims in this case that are not subject to IPR petitions, at this time ***there is no possibility*** that the IPR proceedings could fully resolve patent validity." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) (emphasis added).

Second, this case is just one of eight cases assigned to this Court involving the same or related patents. No other defendants have sought to stay these cases in light of the IPR requests or institutions. As such, regardless of whether a stay is granted for Pure Storage, this case will proceed for the non-moving defendants. A stay will not simply the issues in these cases. Indeed, a stay in the Pure Storage case would only complicate issues as the Court would be required to engage in claim construction of at least the '203 and '908 patents (if not all four patents-in-suit) twice—once for the related cases and then again for Pure Storage. Indeed, the Court may be

5

required to engage in claim construction of all four patents multiple times if the case were stayed as to Pure Storage and the petitions and/or any insituted IPRs underlying the requests were denied.

Furthermore, although Pure Storage mentions six pending IPR petitions with three of them being instituted (Dkt. No. 18 at 4-5, 9), only two IPRs have been filed by a defendant in another related case – Commvault (1:17-cv-00925) – and none of those IPRs have been instituted. Therefore, there is no possibility that all the IPR proceedings could fully resolve all the patent issues for all the asserted patents in all the nine related cases.

Indeed, only a ***denial*** of a Pure Storage's request would simplify issues for ***all*** parties as well as the Court. Denial of a stay would allow all defendants in all nine actions to coordinate on the numerous overlapping issues, *e.g.*, claim construction, invalidity, discovery, and pretrial issues. Similarly, only denial of a stay would allow Realtime and this Court to spend resources in a single proceeding, rather than multiple, in addressing these overlapping issues. Staying the case for Pure Storage will only result in procedural complexities, such as duplicative discovery and pretrial efforts by the parties and the Court. *See*, *e.g.*, *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, No. 08-373-JJF-LPS, 2009 UWL 192457, at *2 (D. Del. Jan. 27, 2009) ("[A] stay of this action will disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court.").

Pure Storage's assertion of simplification is also pure speculation. The PTAB has yet to decide whether to institute Pure Storage's IPR petition as to any claims. The institution decision is also not due for another three to four months. "'[S]tay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was

6

filed in the [Patent Office].'" *Otto Bock HealthCare LP v. Össur HF*, 2013 U.S. Dist. LEXIS 188428, at \*4-5 (C.D. Cal. Dec. 16, 2013); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at \*4 (E.D. Tex. Mar. 11, 2015) ("While the PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation, that likelihood is far more speculative before the PTAB decides whether to institute *inter partes* review. For that reason, the grant of *inter partes* review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review.").

In short, Pure Storage's argument—that significant judicial resources could be saved "if" their Petitions are granted and "if" some or all claims are canceled—is based on speculation about events that have yet to take place and may never take place at all. To grant a stay based on this argument "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Oy Ajat, Ltd. v. Vatech Am., Inc.,* No. CIV.A. 10-4875 PGS, 2012 WL 1067900, at \*19 (D.N.J. Mar. 29, 2012) (quoting *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 663 (E.D.Tex.2005)).

Moreover, the litigation before this Court is the only forum that can resolve all of the issues—including infringement, validity, and damages—between Realtime and Pure Storage. A decision by the USPTO alone cannot nullify a decision by this Court. *See, e.g., In re Swanson*, 540 F.3d 1368, 1379, fn.5 (Fed. Cir. 2008) ("[A]n attempt to reopen a final federal court judgment of infringement on the basis of a reexamination finding of invalidity might raise constitutional problems."). The Court should reject delay in favor of a just and speedy determination before this Court that would resolve all of the parties' issues. *See also, e.g., Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J.

7

concurring) ("Our colleague in concurrence appears to believe that a PTO decision on reexamination will override a judicial decision reached after trial and appeal. That is incorrect. All that can be accomplished is delay."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[U]nder 'well-established principles of res judicata,' the cancellation of a patent's claims cannot be used to reopen a final damages judgment ending a suit based on those claims.").

Even if the Court believes that the PTAB's decision would be timely and helpful, the Court need not stay these cases to realize the benefits of the PTAB proceedings. The Court could "incorporat[e] any final claim decisions that might issue from the USPTO in the process…[and] see the case through a speedy adjudication on the merits." *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2013 WL 434135, at *4 (E.D. Mich. Feb. 4, 2013). As such, "staying the case until the reexaminations finish is not necessary to realize the benefits of the PTO proceedings." *Id.* (*quoting Avago Tech. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 WL 3267768, at *6 (N.D. Cal. July 28, 2011)). A stay is thus unwarranted and should be denied.

### B. The Status of the Litigation Is Neutral

This factor is neutral at best. Although no scheduling order has yet been set and no discovery has yet been taken, this does not automatically weigh in favor staying the case. Indeed, other federal courts that deal with high quantities of patent litigation have denied motions to stay even where cases are still in the "embryonic stage." *See, e.g.*, *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009).

### C. A Stay Would Unduly Prejudice Realtime

#### 1. A Stay Would Inflict Unfair Tactical Benefits to Pure Storage

8

As noted previously, discovery and claim construction proceedings in related cases will go forward, even if a stay is granted in the present case. Thus, the Court will be required to conduct claim construction proceedings on the same patents at issue against Pure Storage. Pure Storage seeks, through its stay request, a tactical benefit of taking a "wait and see" approach to claim construction. It would allow other parties and Realtime to pursue claim construction before the Court, and then only after having the benefit of the Court's rulings on those issues, seek to burden Realtime and the Court with additional claim construction issues. Pure Storage should not be able to use the mere fact of filing IPR petitions as a means to obtain such a tactical advantage and unfairly prejudice Realtime.

### 2. A Stay Would Diminish Realtime's Eventual Recovery

Pure Storage argues that because it is not a competitor to Realtime, any injury to Realtime can be fully compensated by monetary damages, and that as a result, Realtime will suffer no prejudice from a stay. (D.I. No. 18 at 8). This is simply not true. Realtime seeks damages for infringement in the form of a reasonable royalty. Pure Storage will undoubtedly argue that the amount of such a royalty is no different whether awarded in 2018, 2019, or 2020 (at least for infringement that occurred before the time of judgment). But this would deprive Realtime of the time value of its judgment. Pre-judgment interest is one possible way to compensate for such delay, but Pure Storage has not suggested that it will stipulate to prejudgment interest on any eventual verdict in this case. Indeed, it seems more likely that Pure Storage will seek to contest the availability of such interest. At a minimum, Realtime faces uncertainty that it will be fairly compensated for the delay in any eventual judgment. Thus, a stay would unfairly prejudice Realtime.

### 3. A Stay Hurts Realtime's interest in Timely Enforcement of its Rights

A stay will unduly prejudice Realtime because it has a recognized interest in the timely enforcement of its patent rights. *Trover Grp., Inc.*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) ("the plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights"); *Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("Turning to the first factor, the Court acknowledges that a patent holder has 'an interest in the timely enforcement of its patent right.'").

The prejudice and tactical disadvantage Realtime would suffer is especially significant here, where Pure Storage's IPR petition has not even been granted, and the decision is not expected for another three to four months. *See*, *e.g.*, *Davol, Inc. v. Atrium Med. Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *2 (D. Del. June 17, 2013) ("[T]he status of the *inter partes* review is cause for some concern. . . . The PTO has not yet decided whether to grant [the IPR] petitions…[S]uch a delay risks unnecessarily impairing [plaintiff] Davol's patent rights, and finds that this sub-factor weighs against granting a stay."). If the PTAB decides to institute the IPR, it has a year to issue a final determination, which may be extended by 6 months. 35 U.S.C. § 316(a)(11). The delay could be further exacerbated if the Pure Storage invokes its right to appeal the PTAB's decision to the Federal Circuit. *See, e.g., Universal Elec.*, 943 F. Supp. 2d at 1033 ("There could be a two year delay, even before any appellate proceedings that will likely arise out of the *inter partes* review."); *C.W. Zumbiel Co. v. Kappos*, 2012 U.S. App. LEXIS 26554 (Fed. Cir. Dec. 27, 2012) (affirming a 23-month old BPAI reexamination decision); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *3

(N.D. Cal. Jan. 13, 2014) ("[E]ven under the new procedures, it may still be years before the inter partes review is truly final" because the PTAB's decision "is still subject to appeal.").

Further, a stay risks the loss of evidence while the IPR is pending, as "resuming litigation after a protracted stay could raise issues with stale evidence, faded memories, and lost documents." *SoftView LLC v. Apple Inc.*, No. 10–cv–389–LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-cv-0344 H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) ("delaying a trial increases 'the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts.'"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 13-cv-102, D.I. 190 (E.D. Tex. Apr. 2, 2015) ("The stay also tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate.").

### 4. A Stay will Deny Realtime its Chosen Forum

A stay will also unfairly prejudice Realtime also by depriving it of its chosen forum—this Court—for litigating validity challenges. Pure Storage presumably believes that validity challenges before the PTAB are more favorable to infringers. This is because the burden of proof is markedly lower in an *inter partes* review—only preponderance of the evidence is required to invalidate a patent in an *inter partes* review, as opposed to the clear and convincing standard necessary in courts. *See* 35 U.S.C. § 316(e). Additionally, because the PTAB does not address issues of infringement or damages, the PTAB proceedings provide infringers with a risk-free forum to challenge the validity of a patent. Forcing Realtime to litigate the validity of its patents solely and exclusively before the PTAB would provide Pure Storage and other defendants "with a clear and unwarranted tactical advantage." *Cooper Notification, Inc.* v. *Twitter, Inc., No. 09-865-LPS,* 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) ("Staying this litigation in favor of the PTO proceeding would grant Defendants their choice of forum…for no

11

good reason"); *Softview LLC v. Apple et al.,* No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (A stay "would provide Apple with its choice of forum without any compelling justification for doing so."); *Clouding IP LLC v. SAP AG, et al.*, Case No. 13-01456-LPS, D.I. 35 (D. Del. Jan. 21, 2014) ("[A] stay of this one case will unfairly prejudice Plaintiff by depriving it of its chosen forum"); *Allure Energy, Inc. v. Nest Labs, Inc.*, Case No. 13-cv-102, D.I. 190 (E.D. Tex. Apr. 2, 2015) ("a stay would likely require Plaintiff to expend considerable financial resources on the IPR proceedings, prior to its day in court.").

## V. CONCLUSION

Here, a proper evaluation of the factors at issue weighs strongly against a stay. The proposed stay will multiply, not simplify, proceedings, and the requested stay would unfairly prejudice Realtime. If anything, the pendency of the eight related cases where many of the same issues will be litigated only further indicates that a stay is unwarranted. For all of these reasons, Realtime respectfully submits that Pure Storage's motion for a stay should be denied.

March 20, 2018

OF COUNSEL:

Marc A. Fenster
Reza Mirzaie
Paul A. Kroeger
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
(310) 826-7474
Los Angeles, CA 90025-1031
mfenster@raklaw.com
bledahl@raklaw.com
rmirzaie@raklaw.com
pkroeger@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Realtime Data LLC*